# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-14-116-F |
| ) | CIV-22-955-F |
| MARTIN EDWARD ENGELMEYER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On November 3, 2022, defendant Martin Edward Engelmeyer filed a *pro se* "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to 28 [U.S.C.] § 2255/18 [U.S.C.] § 3583(e)(2)." Doc. no. 45. In his motion, defendant challenges his 10-year term of supervised release as illegal under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.[1]

On November 7, 2022, the court entered an order, finding that because defendant was challenging the validity of his sentence, defendant's motion was properly brought under 28 U.S.C. § 2255. Doc. no. 46, ECF p. 1 (citing cases). The court, however, determined that defendant's § 2255 motion appeared to be untimely and subject to dismissal with prejudice. *Id*. at ECF p. 4. The court afforded defendant an opportunity to file a response demonstrating why his § 2255 motion should not be dismissed as time-barred. *Id*.

---

[1] Defendant is currently serving his 210-month term of imprisonment at Federal Correctional Institution Englewood. His projected release date is March 16, 2029. *See*, www.bop.gov/inmateloc/ (last visited November 22, 2022).

The court is in receipt of defendant's response. Doc. no. 47. Upon review, the court remains convinced that defendant's motion was properly brought under § 2255 and is untimely filed.

Defendant argues that the "controlling authority" for his motion is 18 U.S.C. § 3583(e)(2) and Rule 32.1(c), Fed. R. Crim. P., rather than § 2255. Defendant contends that under § 3583(e)(2), the court has authority to modify, reduce or enlarge the conditions of supervised release "at any time" prior to the expiration or termination of the term of supervised release. Defendant points out that the Tenth Circuit in United States v. Begay, 631 F.3d 1168 (10th Cir. 2011), and the Eighth Circuit in United States v. Davies, 380 F.3d 329 (8th Cir. 2004), affirmed the district court's modification of a defendant's conditions of supervised release under § 3582(e)(2), absent the existence of changed circumstances or new evidence.

The court, however, finds the Begay and Davies decisions do not support defendant's contention that he may challenge the legality of his term of supervised release under § 3583(e)(2), rather than under § 2255. Defendant is not seeking to have the court modify or reduce the conditions of his supervised release. Rather, he is challenging the court's imposition of the term of supervised release because it purportedly runs afoul of the Double Jeopardy Clause's prohibition against multiple punishments for the same offense. The court concludes that defendant's challenge constitutes an attack on the validity of his sentence and must be brought in a § 2255 motion. *See*, Kirksey v. Samuels, 235 Fed. Appx. 949, 950-951 (3d Cir. 2007) (stating that a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion and finding that defendant's challenge of his term of supervised release was a "thinly disguised attack on the validity of his sentence" ); *see also*, United States v. Williams, Case No. 03-40112-001-SAC, 2008 WL 2560971, * 2 (D. Kan., June 26, 2008) (finding that defendant's challenge of a term

2

of supervised release as an illegal and unconstitutional sentence "attacks the validity of his sentence.").[2]

Because defendant's challenge must be brought in a § 2255 motion; his § 2255 motion was not filed within the applicable one-year limitations period;[3] and his motion and response do not demonstrate a viable equitable tolling argument, the court concludes that defendant's § 2255 motion is subject to dismissal with prejudice as time-barred.[4]

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant in § 2255 proceedings. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate of appealability, defendant must show "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[2] The court notes that in United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997), the Second Circuit determined that any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a § 2255 motion.

[3] As stated by the court in its November 7th order, defendant's § 2255 motion did not show that the trigger dates in subsections 2, 3, and 4 of § 2255(f) would apply. Defendant's response also does not show that any of those trigger dates would apply. The only trigger date available is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As found by the court, because defendant did not file a direct criminal appeal, his judgment became final on August 26, 2014, fourteen days after the court entered the judgment of conviction. United States v. Mathisen, 822 Fed. Appx. 752, 753 (10th Cir. 2020) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). Defendant's motion was therefore due on August 26, 2015. Id.

[4] The court recognizes that although titled to include relief under § 2255, defendant now contends that his motion is only pursuant to 18 U.S.C. § 3583(e)(2) and 32.1(c), Fed. R. Crim. P., and not under § 2255, and generally, the court may not characterize a *pro se* defendant's motion for relief under § 2255 unless the court first warns defendant about the consequences of the characterization, thereby giving defendant an opportunity to contest the characterization or to withdraw or amend the motion. *See*, United States v. Martin, 357 F.3d 1198, 1199 (10th Cir. 2004). However, given that the deadline for filing a § 2255 motion has long since passed, the court concludes that warning of the consequences of the characterization of defendant's motion as one under § 2255 and giving defendant an opportunity to withdraw or amend is not necessary. *Id*. at 1200.

district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 474, 484 (2000). The court finds that defendant cannot make such showing. Therefore, the court concludes that a certificate of appealability should be denied.

Accordingly, for the reasons stated above and stated in the November 7, 2022 order, it is hereby **ORDERED** that defendant Martin Edward Engelmeyer's *pro se* 28 U.S.C. § 2255 motion (doc. no. 45) is **DISMISSED with prejudice** as time-barred. A certificate of appealability is **DENIED**. A final judgment shall issue separately.

DATED this 23rd day of November, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0116p007.docx